EDWARD SWEENEY, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error.

ERROR TO LASALLE.

A party may be indicted for obstructing a public road; for continuing an obstruction, he should be prosecuted civilly for the penalty, after he shall have been ordered to remove it.

On hearing on a writ of error, the party, to retain his judgment, must show a good record.

The same objections which would be valid if presented in arrest of judgment, will prevail if urged on a writ of error.

If an indictment for continuing an obstruction to a highway will lie at all, it will only be after notice to remove the obstruction has been given by the proper officer.

THIS case is stated sufficiently, in the opinion of the court. The plaintiff in error was tried and convicted, at the February

term, 1862, of the LaSalle Circuit Court, for continuing an obstruction in a highway.

AVERY & BUSHNELL, for Plaintiff in Error.

D. P. JONES, State's Attorney, with whom was O. C. GRAY, for The People.

BREESE, J.  Section 16 of the act respecting public roads provides, " if any person shall obstruct any public road by falling a tree or trees across the same, by encroaching upon or fencing up the same, or by placing any other obstruction therein, he shall forfeit, for any such offense, a sum not exceeding ten dollars, and a sum not exceeding ten dollars for every day he shall suffer such obstruction to remain after he shall have been ordered to remove the same by any supervisor, county commissioner or justice of the peace." Scates' Comp. 562, ch. 93.

The amendatory act of 1852 provides, " if any person shall obstruct any public road in the manner provided in section 16 of the act to which this is an amendment, the penalty provided for in said section, may be recovered either by indictment, or in an action of debt before any justice of the peace of the county in which the offense was committed; which action may be brought in the name of, and upon the complaint or information of any person who may complain, one half to the informer, the other half to the use of the county." Ib. 574.

It would seem from these provisions, that obstructing a public road is one offense for which the accused party may be proceeded against by indictment, whilst for continuing an obstruction, he can only be prosecuted in a civil action for the penalty, and that only after he shall have been ordered to remove the obstruction.

The indictment contains three counts. The first charges that the defendant " unlawfully did continue to obstruct a certain public road by then and there continuing to encroach upon said public road, by then and there keeping a fence therein, and thereby then and there rendering the said public road inconvenient to pass, contrary to the form of the statute," etc.

The second count is substantially the same, with the additional allegation that the road was rendered inconvenient and dangerous to pass.

The third count is in all respects like the first.

A motion was made to quash the indictment, which was overruled, and the defendant found guilty by the jury. No motion was made in arrest of judgment, and it is now urged here by the State's attorney, that the defect in the indictment cannot now be inquired into.

We believe the rule to be, that on a writ of error, the party, to retain his judgment, must show a good record. The same objection to a pleading which might have been made on a motion in arrest of judgment, can be urged on error. This being so, the indictment must be condemned, as having no ground to stand on. There is no such offense known to the law, and punishable by indictment, as the offense of continuing an obstruction to a public road before notice of removal is served upon the party charged. If an indictment will lie at all, which we do not admit, it certainly should allege that he had been ordered by the supervisor, county commissioner, or by a justice of the peace, to remove the obstruction. There is no such averment in either count of the indictment, and it is therefore fatally defective.

The other objection made, that the grand jury did not return the bill into court as a true bill, is not true in fact; the record shows that it was duly found and returned into court as a true bill.

The judgment of the court below is reversed.

*Judgment reversed.*