JOSEPH BOYD

v.

THE TOWN OF FARM RIDGE.

*Filed at Ottawa June 21, 1882.*

HIGHWAY—*penalty for continuing partial obstruction after notice.* The building of a fence upon a road, whether across the same or longitudinally with the road, is an obstruction thereof, within the meaning of section 58 of the Road law of 1874, and the person so obstructing is liable to the statutory penalty for suffering such fence to remain upon the road after being ordered to remove the same by the highway commissioners, although the penalty for the original obstruction may be barred by the Statute of Limitations.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of La Salle county; the Hon. GEORGE W. STIPP, Judge, presiding.

Messrs. BLANCHARD & BLANCHARD, for the appellant.

Messrs. MAYO & WIDMER, for the appellee.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This is a prosecution against Joseph Boyd, the appellant, for neglecting and refusing to remove a fence built by him upon a public highway, after having been notified to do so by the proper authorities, as required by law. His liability for the original obstruction of the highway is barred by the Statute of Limitations, and it is claimed by his counsel the statutory liability for permitting an obstruction to remain after an order by the commissioners of highways to remove the same, has no application to a case like this, and this is really the only question in the case.

Section 58 of the Road and Bridge law provides: "If any person shall injure or obstruct a public road by falling a tree or trees in, upon or across the same, or by placing or leaving

any other obstruction thereon, or by encroaching upon the same with any fence, or by plowing or digging any ditch or other opening thereon, or by turning a current of water so as to saturate or wash the same, or shall leave the cuttings of any hedge thereon for more than five days, he shall forfeit for every such offence a sum not less than three dollars nor more than ten dollars, and in case of placing any obstruction on the highway, an additional sum of not exceeding three dollars per day for every day he shall suffer such obstruction to remain after he has been ordered to remove the same by any of the commissioners of highways, complaint to be made by any person feeling himself aggrieved." (Laws 1874, p. 921, Cothrans' Stat. p. 1318, Session Laws 1877.)

It is contended by counsel for appellant, that where a fence is constructed along a public highway, leaving a considerable portion of it unobstructed, as was the case here, it is, in the language of the statute, a mere *encroachment,* and not an *obstruction,* and hence it is concluded that appellant is not obnoxious to the additional penalty for permitting an *obstruction* to remain after notice by the commissioners of highways to remove it. As we understand counsel, it is conceded if appellant had built the fence across the road so as to obstruct travel altogether, he might properly have been convicted for neglecting to remove an obstruction, but that inasmuch as the fence only occupied a part of the road, and did not entirely obstruct travel, although it extended longitudinally over the road its entire length, it is claimed no liability attached for refusing to remove the fence after notice, on the ground it was a mere encroachment, and not an obstruction. We do not think this is a proper construction of the act. To hold so would be to make the liability of the accused depend, in every case of this kind, upon the direction or course of the fence with respect to the road, or upon whether its construction caused a total or partial obstruction of the highway, and we can not believe the legislature ever intended the guilt

or innocence of one prosecuted under the statute should be made to depend upon matters so inconsequential as these. The object of the act was to prevent all obstructions of highways, whether total or partial, and in specifically pointing out such as might be caused by the building of fences, it was to the legislature a matter of total indifference whether they might happen to be built along or across the highway, for in either case there would be an obstruction, and the failure to remove it, after notice, would render the party placing it there liable.

The judgment will be affirmed.

*Judgment affirmed.*