Town of Canoe Creek v. McEniry.

---

## THE TOWN OF CANOE CREEK
### v.
## JOHN McENIRY ET AL.

*Highways—Ditch as Obstruction—Proceeding by Town to Recover Penalty—Sec. 58, Session Laws of 1879, p. 270; Sec. 71, Chap. 121, Starr & C. Ill. Stat.—Notice—Existence of Highway—Prima Facie Case—Petition for Rehearing Denied.*

1. The digging of a ditch inside the limits of a highway, unless done by permission or under the statutory notice, is of itself an injury. The public is entitled to use any part of a highway for all purposes thereof to the exclusion of all other uses except as permitted by statute.

2. An indefinite oral notice of intention to throw up an embankment, given by one through whose land a road passes to one of the Commissioners of Highways, is not the due notice to the Commissioners of his intention to drain his premises, which is required by statute.

3. In an action before a Justice no claim need be set forth in the summons, and if it is done it may be disregarded at the trial, the plaintiff not being confined to the complaint made in the summons.

4. In an action brought before a Justice to recover a penalty for obstructing a highway, it is *held:* That the digging of the ditch inside the limits of the highway in the absence of a sufficient notice, was of itself an injury; that an instruction confining the cause of action to the complaint made in the summons, is erroneous; that the evidence presented made out a *prima*

*facie* case of the existence of the highway; and that any mere irregularities in the proceedings in laying out the road, were cured by the statute, the road having been in use over twenty years.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Rock Island County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. M. M. STURGEON and WM. H. ALLEN, for appellant.

Messrs. SWEENEY & WALKER, for appellees.

LACEY, J. This was a suit originally brought before a Justice of the Peace to recover a penalty for injury to a public highway, under Sec. 58 of an act in regard to roads and bridges in counties under township organization, in force July 1, 1879.

Sec. 58 provides, among other things, that "if any person shall injure or obstruct a public road by felling a tree or trees in, upon, or across the same * * * or by plowing or digging a ditch or other opening thereon, or by turning a current of water so as to saturate or wash the same * * * shall forfeit for every such offense not less than three dollars nor more than ten dollars, * * * *Provided* this section shall not apply to any person who shall lawfully fell any tree for use and will immediately remove the same out of the road, or to any person through whose land a public road may pass, who shall desire to drain his land and shall give due notice to the Commissioners of such intention," etc , etc.

The summons was issued on the 18th day of July, 1881, by Hugh McCall, commanding the appellees to appear before him on the 25th of the same month, to answer to the appellant for a failure to pay it a certain sum of money, not to exceed $200, for "*washing a public highway by turning a current of water thereon in said town.*"

There was no written complaint filed nor any motion made before the Justice of the Peace to compel appellant to file any more specific terms, but on appeal to the Circuit Court a motion was made by the attorney for appellees for rule on

appellant to file bill of items, but the court overruled the motion because it came too late, the appellees having neglected to make the motion before the Justice. Clifford v. Town of Eagle, 35 Ill. 444.

A trial was had and judgment rendered before the Justice against appellees, and they appealed the case to the Circuit Court where the case was tried *de novo*, resulting in a verdict by the jury in favor of appellees, and judgment rendered against the appellant for costs, from which this appeal is taken.

The undisputed evidence shows that the Commissioners of appellant, in the fall or summer of 1880, constructed a culvert on the part of the highway injured, running east and west on the town line between Zuma and appellant, locating the same about twenty-five rods east of the township corner between the said towns, at or about the point where they claim the greater part of the surface water coming from the bluffs north and west of said road crossed said highway, for the purpose of draining said road. Appellees, after the construction of said culvert, went into the limits of the highway and within the limits of the same, commencing at a point about thirty rods west of said culvert, excavated a ditch from that point to the terminus of their land on the east, a distance of about seventy rods, said ditch being about three or four feet wide and two feet deep. The earth taken from said ditch and the limits of the highway was used to construct, and appellees did construct, therewith, on the south line of the said highway and within the limits of their own land, an embankment of the height of two or three feet, by means of which said ditch and embankment they diverted the surface water running through said culvert from their own land, and caused the same to flow along the south line of said highway, and at times back up the said water across the highway and overflow the same, thereby, as is claimed, injuring, washing and saturating the said road.

It is also contended by appellant, that by means of said embankment appellees threw the said water up on the said highway running south upon the town lines between the towns of Zuma and Canoe Creek, thereby washing out a grade but a

short time before that constructed upon said highway by the Commissioners.

The appellant claims the right to recover on two grounds:

1st. For the injuriously saturating and washing said highway, and by turning said surface water thereon.

2d. For digging said ditch in said east and west highway, and taking therefrom the earth that was required for the proper repair of the same, and using the same to construct an embankment upon their land to the injury of said highway.

To the defense set up to the first of those propositions was:

1st. That their land, at the point where the culvert in the highway was excavated, was not, in the natural state of the flowage of the water, the servient estate—in other words, the water, in quantities to injure the road by reasons of the embankment, did not naturally flow to that point, and that the defendant had a right to stop its flowage over his land for that reason.

2d. That the appellees' embankment and ditch did not cause overflowage of the road grade except in extraordinary floods; that the ditch was sufficient to carry it off without injury to the road except at such times.

To the second of the appellant's claims for a penalty, the appellees insist that, as it was not mentioned in the writ, it can not recover for it; that the writ must be regarded as a complaint and the appellant can not be allowed to go beyond it to seek recovery.

The trial lasted for many days and the main evidence was directed to the defense set up to the first claim of appellant, and rebuttal to such claim. The abstract of the evidence and proceedings consists of 167 printed pages and the briefs together, of 205 pages. The wonder to us is how the record and trial could have reached such immense proportions. We have patiently reviewed it all but conclude it will not be necessary to pass on all the questions raised, as one or two must decide it.

If the right to recover under the second of appellant's claims is sustained, then the judgment must be reversed, as under the statute the digging of the ditch inside the limits of the highway is of itself an injury. It is a trespass unless the digging is by permission or under some legal right.

The *proviso* in the statute that the act should not apply to "any person through whose lands a public road shall pass, who shall desire to drain his land and shall give due notice to the Commissioners of such intention," would, no doubt, be good authority to dig the ditch, and might have been invoked by appellees if they had given the legal notice, which we think, however, they failed to do. Under this *proviso* in the statute the appellees would have had the right to have the water flow in a properly constructed ditch within the limits of the highway, and of sufficient capacity to carry the water off without damage to the road, whether their land was the servient estate or not, if the proper notice had been given; and they also would have been authorized to have constructed embankments to force the water into the ditch. But it being a statutory right it must be strictly followed and no right exists without the required notice. Was the notice that the statute required given? We think not.

Highways are subject at all times to legislative control and the Legislature has full power to allow the right of way to be used for drainage purposes and to place any restriction on such use as it sees proper. The only evidence of notice we find in the record is this: A rumor having reached the ears of John, one of the appellees, that the Commissioners of Highways intended to put in a culvert opposite his land, he told Hubbard, one of the Commissioners, that if the Commissioners did that he would have to throw up an embankment. It will be seen that here is no positive notice that he would dig the drain. It was not definite as to the digging of a ditch. He only stated that he intended to throw up an embankment. Then we are of the opinion that at least two of the Commissioners should have been notified. The statute provides that the notice shall be given to the Commissioners, not one of the Commissioners, and no provision is made that notice to one shall be good as to all.

If the notice had been given according to the statute, the question as to the sufficiency of the ditch would have been pertinent, and the appellees would have had a right to show that the ditch was sufficient, and thereby excused themselves

from the penalty for digging a ditch in the highway, otherwise not. We can not perceive in the record any defense that can be made to the charge of obstructing or injuring the road by digging the ditch, the fact of such digging not being disputed.

We do not think the point made by appellees' counsel, that the appellant is confined to the charge made in the summons, is well taken. In cases before a Justice, there are no written pleadings; the form of the summons in such cases is a demand for money not to exceed $200, and no claim need be set forth, and if it is done it may be regarded as surplusage, and entirely disregarded on the trial. The evidence may support any claim as between the parties that may properly be recovered before a Justice, notwithstanding what may be mentioned in the summons.

In Dodge v. People, 113 Ill. 491, it is said: " It is a settled construction of our statute relating to proceedings before Justices of the Peace, that no written pleadings are required; the obligations and counter obligations of the parties or their attorneys, are to be presumed to be *ore tenus*, and their rights depend on what is proved, rather than what is said or pleaded."

The law is applicable to this case and the appellants were not concluded by the charge in the summons.

This view of the law renders appellees' second given instruction erroneous. By this instruction the cause of action is confined to the complaint made in the summons, and the amendment to it added by the court, " except such evidence as has been allowed by the court," does not remove this objectionable feature; with this correction even, it is calculated to mislead. It should have been refused. But under the evidence the verdict as to the charge of obstructing or injuring the highway by digging a ditch inside the boundaries of the road was manifestly against the weight of the evidence. We think the existence of the highway was at least made out by a *prima facie* case. The existence of the road was only collaterally in issue, and in such case it is sufficient to show that it has been used and traveled as a highway by the public, and

recognize I and kept in repair as such by those having charge of the roads. This is *prima facie* evidence of its existence, but liable to be rebutted by proof to the contrary. Board of Supervisors v. People, 116 Ill. 466.

The proof, we think, comes up to this standard. The point made on the cross-errors, therefore, is not well taken. There are many questions raised on instructions, and also an admissibility of evidence; but as the judgment must be reversed, at all events, we do not deem it necessary to discuss them or pass on them.

For the above reasons the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*

*Per Curiam.* The petition for rehearing, filed by appellees' attorneys, urges upon the attention of the court two grounds, to wit: 1. This court erred in holding, under the provision of the statute concerning roads and bridges, Sec. 58, Session Laws 1879, p. 270, that the digging of the ditch complained of within the limits of the highway was, *per se*, any "injury" to or "obstruction" of the road in question. 2. That it erred in not holding that even if the appellant had made out a *prima facie* case of the existence of the road alleged to have been obstructed, which is denied, the presumption was overcome and destroyed by the introduction by appellant, of the record of the road, which showed that there was no highway at the time of the allotment to appellant of the portion of the road in question on the town line between the town of Zuma and appellant. These points are argued by counsel with much apparent earnestness, and we have examined the grounds of the original opinion with the care and attention its importance deserves, but have discovered no sufficient reason to change from the conclusions heretofore reached. After mature consideration we are compelled to adhere to what we have heretofore said.

The petition claims that the digging of the ditch within the limits of the highway was not an injury to or obstruction of it in itself, but it is a question of fact to be determined, and

may be disputed and contested. What is meant, we suppose, by this, is that it may be shown that the road is no less useful for the ordinary purposes of a highway than it was before the ditch was dug; that the opportunity and facilities for travel were as perfect as before. The words of the statute will not admit of such interpretation. The manner in which the "injury or obstruction" may be accomplished, is pointed out in the statute. It provides that the road may be injured or obstructed "by falling a tree or trees in, upon or across the same, or by placing or leaving any other obstruction thereon, or by encroaching upon the same by any fence, or by plowing or digging any ditch or other opening thereon," etc., etc.

It is not specified in the enumerations that the acts must be done on the traveled portions of the road or that they shall be done in such manner as to impede or interfere with public travel in order to constitute the offense. If they shall be done or committed in or on the highway, it shall be sufficient to amount to an obstruction or injury. The width of the highway in question is four rods. Within those limits the public is entitled to use any part of it for all purposes of a highway to the exclusion of all other uses, except as permitted by the statute. If one commits the acts forbidden by the statute, within its limits, the rights of the public are infringed upon, and by those acts the road is at least partially obstructed. If the statute be construed as suggested by appellees' counsel, highways may be curtailed or narrowed to any extent less than their legal width by ditches and fences of adjoining land owners without fear of punishment, so long as such parties can show that the road has not been impaired in its usefulness as a highway. Such could not have been the intention of the Legislature. By the statute a certain width is prescribed for a road, and when it is laid out the required or other width, the Commissioners of Highways have jurisdiction within its limits, to the exclusion of others, except as permitted by law and for travel.

The Supreme Court has fully settled the question in Boyd v. The Town of Farm Ridge, 103 Ill. 408, in which case the same section of the statute was under review as in this case. The court says:

"The object of the act was to prevent all obstructions of highways, whether total or partial, and in specifically pointing out such as might be caused by the building of fences; it was to the Legislature a matter of total indifference whether they might happen to be built along or across the highway, for in either case there would be an obstruction." The same rule would apply as to digging the prohibited ditch; it would not matter whether it were dug along or across the road, it would be an obstruction.

The second point of the objection is also not well taken. The record introduced of the road does not overcome the *prima facie* case made out by the proof of user of the road for over twenty years. It is urged that the original petition was not sufficient because it asked for the laying out the road for a greater length than was granted by the Commissioners of Highways of appellant and Zuma towns, and that the petition was directed to the Commissioners of Canoe Creek alone. Whether these defects in the proceeding would vitiate the proceedings originally we need not decide.

The road was actually laid out in proper form, four rods wide, by the Highway Commissioners of both towns, on the 29th day of May, 1858, and duly recorded in the proper record for roads in said towns.

In the same final order of laying out the road, following the order establishing the road, different portions of the road were allotted, one portion to one and another portion to the other, the portion in which the instruction in question was placed falling to the appellant. The evidence tends strongly to show that, from the time the road was laid out till the suit was brought, over twenty-two years, appellant had been in the supervision of the road and the public had used and traveled over it.

Sec. 1 of the Road Act in question (Session Laws 1879, p. 258,) provides: "That all roads within this State which have been laid out in pursuance of law of this State or of the late Territory of Illinois, or which have been established by dedication or use for twenty years, and which have not been vacated in pursuance of law, are hereby declared to be public highways."

This act is a curative act and would have the effect to cure any mere irregularities in the proceedings of laying out the road, and besides it establishes a road that has been in use for twenty years. The road having been allotted by the towns, followed by use for over twenty years, is good proof of the existence of the road from the date of the order, and there is no evidence to overcome the *prima facie* case made out by the appellant of the existence of the road from that time. We are not prepared to hold that an allotment made simultaneously with the order laying out the road is not sufficient.

We think it filled every requirement of the statute.

We perceive no sufficient grounds to grant a rehearing; the petition for a rehearing is therefore denied.

*Petition denied.*