# JOHN H. HOADLEY

## V.

# THE PEOPLE OF THE STATE OF ILLINOIS.

*Prosecution for Obstructing a Private Way—Information—Distinct Offenses—Insufficient Allegation—Statute of Limitations.*

1. The two offenses of creating and maintaining a nuisance are distinct and separate, and can not be joined in the same count of an indictment or information.

2. A defendant can not be convicted of maintaining an obstruction in a private way under a charge in the indictment or information of creating one.

3. An allegation that the obstruction was in "its nature permanent," is not a sufficient allegation that the defendant continued the obstruction.

[Opinion filed May 27, 1887.]

IN ERROR to the County Court of La Salle County; the Hon. HIRAM S. GILBERT, Judge, presiding.

In connection with this case see the preceding case of *Burke* v. *People*.

. Messrs. BULL, STRAWN & RUGER, for plaintiff in error.

Messrs. MOLONEY & STEAD and J. E. BULAND, for defendant in error.

LACEY, J. This was a criminal prosecution filed by information by the State's Attorney against plaintiff in error for obstructing a certain private way in said county, heretofore laid out under and by virtue of the laws of the State of Illinois, the way being described as commencing at the center of the S. W. $\frac{1}{4}$ 23–36–3, thence north 60 chains to the N. E. corner of the W. $\frac{1}{2}$, N. W. $\frac{1}{4}$ 23; to the public highway leading to Leland from Earlville, the said way being 33 feet wide.

In the first and second counts of the said information there is simply a charge of obstruction but not of continuing an obstruction. The third count, after charging obstruction " by building a fence in, upon, across and along said private way," concludes as follows: " and said obstruction so made as aforesaid is in its nature permanent and continuous, contrary to the form of the statute," etc.

The said prosecution is brought under enumeration No. 5 of Sec. 277 and Sec. 278, Ch. 38 (Criminal Code), entitled Nuisances. R. S., Starr & C.

The cause was tried by the court below without a jury, a jury being waived. The court found the plaintiff in error guilty of maintaining a nuisance and sentenced him to pay a fine of $20 and costs, and entered an order that the Sheriff abate the nuisance at plaintiff in error's costs, by removing the fence erected across and along a certain private way thirty feet wide (described above).

The objections raised to the finding and sentence of the court are that the evidence was not sufficient to support it, and that the court erred in finding the appellant guilty of maintaining a nuisance when the information was that he created one. As we hold with the appellant, on the second point it will not be necessary to discuss the first objection.

We do not regard the allegation that the obstruction was in " its nature permanent " as a sufficient allegation that the

Hoadley v. The People.

plaintiff in error continued the obstruction. It will be seen that it is not a positive allegation that the plaintiff in error had continued the obstruction. It is only by inference that we gather from the language used that the obstruction had been continued. It might be that the obstruction was of a permanent character, yet capable of being removed, and in fact had been removed, so far as the allegations informed the court. This being the case it was error in the court to convict plaintiff in error under the clause of the statute against maintaining an obstruction.

A person can not be convicted of maintaining an obstruction under a charge in the indictment or information of creating one. The charges are distinct and essentially different. Sweeney v. People, 28 Ill. 208. But even if the information had distinctly charged a continuance in the same count charging a creation of a nuisance, the count would have been bad for duplicity. The two offenses of creating and continuing a nuisance are distinct and separate offenses, the acts are distinct, and two separate convictions may be had. The first may be barred by the Statute of Limitations and the other not. Boyd v. Town of Farm Ridge, 103 Ill. 408. The rule contended for by defendant in error that both may be charged in the same count does not apply to this kind of a case.

Where that may be done is an exception to the general rule prevailing in criminal pleadings and applies only in cases where the same acts or series of acts may constitute two offenses. In such case the indictment may join the crimes where, in the same clause of the statute, the crime is created, and the disjunctive " or " is *used* and the nature of the crime and punishment is the same, and the copulative conjunction " and " may be used to join the charges and one punishment alone will follow. The two charges under consideration are so distinct that while the one may be barred by the Statute of Limitations, conviction may be had on the other. 1 Bishop on Crim. Prac. 436, 437; State v. Conner, 30 Ohio, 306; Bishop on Statutory Crimes, 383. The form of the indictment charging two offenses in the same count is generally allowable in prosecutions under the law against unlawful traffic in intox-

icating liquors. "Where a clause in a statute forbids several things, or creates several offenses in the alternative, which are not repugnant in their nature or penalty, the clause is treated in pleading as though it .created but one offense and they may be united conjunctively in one count, and the count is sustained by proof of one of the offenses charged." State v. Missouri, 47 Mo. 274. But in this case a portion of the obstruction had been placed on the alleged way more than three years prior to the finding of the indictment, which act was barred by the statute of eighteen months limitation.

It is sought here to treat these charges as two offenses and they may not be treated as being one. We think the doctrine should not be carried so far as to include this kind of a case. We have decided the same point in the case of Burke v. The People at this term, against the doctrine contended for by defendant in error, which may be referred to for further discussion of the subject. The motion to quash this count in the indictment if it had contained a double charge, should have been sustained; but as in our opinion neither of the counts contained a proper allegation charging a continuation of the nuisance, in no event could the court find the plaintiff in error guilty of such offense. The judgment of the court below is reversed and the cause remanded.

*Judgment reversed and cause remanded.*