ROBERT SCOTT

v.

THE TOWN OF NEW BOSTON.

*Highways—Obstruction—Connection of Fence with Bridge—Proceedings by Town to Recover Statutory Penalty—Form of Complaint before Justice.*

1. In a prosecution before a Justice under Sec. 71, Chap. 121, R. S., to recover the penalty for obstructing a highway, the form of the complaint is wholly unimportant, no written pleadings being required.

2. The public is entitled to the use of every part of a highway to the exclusion of all other uses except as permitted by statute.

3. An adjoining land owner is not entitled to build his fence on the bank of a stream and across a part of the highway to connect with a bridge.

[Opinion filed February 29, 1888.]

APPEAL from the Circuit Court of Mercer County; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. BASSETT & WHARTON, for appellant.

There was, then, no highway where this obstruction is

claimed to have been placed, as the only claim of a highway is by user or prescription. Such highway is only as wide as the traveled track, with such additional width as will allow teams to pass each other where the line of travel will not permit it, or in any event not more than thirty feet wide, the narrowest limit of the Statutes of Illinois in force from 1827 to 1872. Hart v. Trustees, 15 Ind. 226; Warlow v. Thurston, 6 Cowen. 189; Central Law Journal, Vol. 7, page 125; Commissioners v. Harrison, 108 Ill. 400; Pearce v. Town of Gilmer, 54 Ill. 28; Alvord v. Ashley, 17 Ill. 363; State v. Shinkle, 40 Iowa, 131.

But the part of the land where the fence was placed, if within the width of the road or right of way, was not an obstruction. It was never used for a highway and could not, be used for that purpose, hence there was no obstruction. Gebhardt v. Reeves, 75 Ill. 301; Old Town v. Dooley, 81 Ill. 255; Washburn on Easements, pp. 159, 196; Deggert v. Schenk, 23 Wendell, 447; McArthur v. Kelley, 5 Ohio, 150; Phifer v. Cox, 21 Ohio State, 248; Howard v. North Bridgewater, 16 Pick. 190; Bell v. City of Burlington, 27 N. W. Rep. 245.

The authorities are all to the effect that the owner of the land has the right to use it within the limits of the highway, wherever such use will not interfere with the public use.

Mr. John C. Pepper, for appellee.

Baker, J. This suit was by the Town of New Boston against Robert Scott, appellant, to recover the penalties imposed by Sec. 71 of the act in regard to roads and bridges in counties under township organization, in force January 1, 1883, for obstructing a public road and suffering such obstruction to remain after he had been ordered to remove the same by the Commissioners of Highways of said town. Judgment was against appellant in the Justice's court for $100 and costs, and on appeal to the Mercer Circuit Court, verdict and judgment were against him for $50 and costs.

The complaint was for obstructing a highway known as the New Boston and Millersburg road, at and near that part of it where it crosses Winters Creek, on the farm owned by said

Scott, by encroaching upon the same by building fences thereon, and by placing obstructions in the creek so as to throw the water against the end abutment of the bridge, thereby undermining the piling and abutments, soaking and washing the road and injuring the bridge and road. No objection was made in the courts below to the form of the summons. The written notice signed by the Commissioners of Highways which was served on appellant on the 5th day of May, 1886, ordered him "to remove an obstruction in the public road at and near the bridge across Winters Creek, consisting of fences on east and west end of bridge in roadway; also poles and stakes set against piling of bridge, all on north side of bridge."

The criticisms made by appellant upon the form of the complaint filed with the Justice are wholly unimportant, especially in the view we have taken of the case and of the fact that we decided in the case of the Town of Canoe Creek v. McEniry, 23 Ill. App. 227, that the rule applicable to prosecutions under the section of the statute in question was that no written pleadings are required, and that the allegations and counter allegations of the parties or their attorneys are presumed to be *ore tenus*, and that their rights depend on what is proved rather than what is said or pleaded.

The only evidence of the existence of the public road under consideration, is evidence of user, or right by prescription. It appears that it was a traveled road as early as 1838; that at first the creek was crossed by a ford on or immediately adjoining the site where the present bridge is located, and that the first bridge built there was constructed more than forty years ago.

The creek runs nearly north and south at the place where it is crossed by the bridge, and the road and bridge run nearly east and west. In the early days of the road the land on both sides of it east of the bridge was uninclosed. That part of appellant's land which is north of the road and east of the bridge was inclosed more than thirty years ago by a fence running east to west to a point within eight or ten rods of the bridge and thence turning to the northwest and running to the creek at a point eight rods north of the bridge. The

Scott v. Town of New Boston.

appellant changed that portion of the fence which was west of the point where the angle was, by throwing it south of its old line and running it from the point indicated directly to the creek, on a line with the old fence that ran east from such point, thereby making a continuous and straight line of fence on the north side of the road to the bank of the creek, the place where the creek was reached being sixteen feet north of the bridge, and there made a square turn in the fence and ran it to and connected it with the bridge; and then placed a flood-gate under the bridge and set stakes and pickets under it to form a line of fence across the stream. The evidence is conclusive that he had no authority or permission from the Commissioners of Highways, or any of them, to do any of these acts.

The bridge is sixteen feet and is approached by a wide filling or grade which is no wider than the bridge, said grade being at the bridge four and a half feet above the level of the natural ground and running out east to the natural level. Tiling had been placed by the Highway Commissioners north of the bridge and the filling and draining into the creek, and this tiling empties into the creek ten or twelve feet above the bridge, and the north and south fence crosses it in connecting with the bridge.

In approaching the bridge, or in going east after having crossed it, there is no travel on the triangular strip of ground inclosed by the graded approach to the bridge, the creek, and the fence of appellant on the north of the road as it was changed by him and extended to the bank of the creek at a point some sixteen feet north of the bridge. It seems that from the character of the grade and the proximity of the creek, this strip of ground can not be used and traveled over by those who pass and repass upon the highway and bridge.

If appellee is right in his assumption that this road, established by user and prescription, except so far as it may be widened by actual user or by being fenced out as a road by the land owners, is only thirty feet wide, then he would seem from the evidence to be right in his contention that the fence which he constructed from the angle in the old fence and on

a line therewith to the bank of the creek, was not and is not an encroachment upon the public highway.

This, however, does not answer the point that from the turn in the fence on the bank of the creek it was extended across sixteen feet, more or less, of the width of the road and connected with the bridge. No claim is made that this north and south fence, or the greater part of it, is not upon the public highway. The position of appellee, in this regard, is that he had a lawful right to turn his fence on the bank of the stream and run it to the bridge, even though it passed over a part of the width of the road in approaching the bridge, if in so doing he encroached upon the road only so far as was necessary to reach the bridge, and passed only over land that was not and could not be used by the public for travel.

Sec. 71 of the road law for counties under township organization, in force July 1, 1883, provides: "If any person shall injure or obstruct a public road by felling a tree or trees in, upon or across the same, or by placing or leaving any other obstruction thereon, encroaching upon the same with any fence, or by plowing or digging any ditch or other opening thereon or by turning a current of water so as to saturate or wash the same, or shall leave the cuttings of any hedge thereon for more than ten days, they shall forfeit for every such offense a sum not less than $3 nor more than $10, and in case of placing any obstruction on the highway, an additional sum of not exceeding $3 per day for every day he shall suffer such obstruction to remain after he has been ordered to remove the same by any of the Commissioners." In speaking of this section of the statute, the Supreme Court in Boyd v. Town of Farm Ridge. 103 Ill. 408, says: "The object of the act was to prevent all obstructions of highways, whether total or partial, and in specifically pointing out such as might be caused by the building of fences; it was to the Legislature a matter of total indifference whether they might happen to be built along or across the highway, for in either case there would be an obstruction." In the case of Town of Canoe Creek v. McEniry, 23 Ill. App. 227, this court said: "It is not specified in the enumerations that the acts must be done on the traveled portion of the road, or that they shall be done

in such manner as to impede or interfere with the public travel in order to constitute the offense. If they shall be done or committed in or on the highway, it shall be sufficient to amount to an obstruction or injury. Within the limits of the highway the public is entitled to use any part of it for all purposes of a highway, to the exclusion of all other uses, except as permitted by the statute. If one commits the acts forbidden by the statute within its limits, the rights of the public are infringed upon by those acts, and the road is at least partially obstructed. If the statute be construed as suggested by appellee's counsel, highways may be curtailed or narrowed to any extent less than their legal width by ditches and fences of adjoining land owners without fear of punishment, so lone as such parties can show that the road has not been impaired in its usefulness as a highway. Such could not have been the intention of the Legislature. The Commissioners of Highways have jurisdiction within the limits of a public road to the exclusion of others, except as permitted by law and for travel."

Appellant relies upon the decision of the Supreme Court in Town of Old Town v. Dooley, 81 Ill. 255, as an authority to show his legal right to build his fence on the bank of the stream and across a part of the public road to the bridge and to connect it with said bridge. That decision was based upon the provision of Sec. 64 of the road and bridge law then in force, but was repealed in 1883, which in express terms gave to the adjoining land owners the rights in question, but with the qualifications that no necessary ford should be obstructed and that the connecting fence should be constructed by the consent and under the direction of the Commissioners of Highways. It was held by the court that in the case mentioned the consent of the Commissioners was obtained and that there was a substantial conformity to the requirement that the fence should be built under the direction of the Com missioners. It is true the court said in their opinion, *in arguendo*, that "the statute goes but little, if any, beyond confirming in the owner of the land and regulating a right he held before its enactment." This language may properly be

regarded as an intimation that the statutory right did to some extent go further than the antecedent right enjoyed by the owner of the fee.   It will also be noted that in the opinion of the court no reference is made to the provisions of Sec. 58 of the road and bridge law then in force and which is in substance the same as Sec. 71 of the present statute.   It would seem from the language used in this last mentioned section that the mere act of encroaching upon a public road by building a fence thereon is, of itself, and regardless of all other circumstances, an obstruction of such road.   This appears to be the view taken of this section by the Supreme Court in the later case of Boyd v. Town of Farm Ridge, *supra*.

. It may be true that the ground east of the creek and north of the graded approach to the bridge can not now be traveled over by teams and carriages.   It is, however, used by the Highway Commissioners for the purpose of placing tile drains thereon for the benefit of the public highways.   In order to keep up the grade, maintain the ditches and drains, and keep the road and bridge in repair, this ground may now be, or hereafter become, absolutely necessary ; and it is essential for the public welfare that the Highway Commissioners should have and retain full control of it.

If we are right in the views we have expressed, then it follows that the jury could not have properly done otherwise than find the defendant guilty.   This conclusion reached, there is no necessity for the consideration of the other points made in the case.   The judgment is affirmed.

*Judgment affirmed.*