# Henry J. Williams
## v.
## Town of Hardin.

*Highways—Leaving Hedge Trimmings in Public Road—Proceedings before Justice to Recover Penalty for—Practice.*

In a proceeding before a justice of the peace to recover the penalty for leaving hedge trimmings in a public highway for more than ten days, it

is unnecessary to prove an actual obstruction of the road, or that the trimmings are left in the traveled portion of the road, nor does an allegation in the complaint that travel was obstructed render it necessary to prove that fact to sustain a conviction.

[Opinion filed April 11, 1892.]

Appeal from the Circuit Court of Pike County; the Hon. C. J. Schofield, Judge, presiding.

Messrs. W. E. Williams and Colvin, & Hess for appellant.

Messrs. A. G. Crawford and I. J. Dyer, for appellee.

Mr. Justice Wall. This was a proceeding originally before a justice of the peace, to recover a penalty under Sec. 71, Chap. 121, R. S., for leaving hedge cuttings on a public road more than ten days. The case was removed by appeal to the Circuit Court, where a verdict was returned for the plaintiffs and the penalty was assessed at three dollars. The Circuit Court denied a motion for new trial and rendered judgment on the verdict—from which an appeal is prosecuted to this court. It is urged that by the terms of a complaint filed before the justice of the peace recovery was sought upon the ground that the road had been obstructed by reason of the cuttings being left therein—and therefore unless an absolute obstruction was proved there could be no recovery. We think the complaint is not to be so construed when it is all taken together—but whether so or not is immaterial. If upon the trial the plaintiff made out a good case under any clause of Sec. 71 the verdict should have been accordingly, regardless of any defects in the complaint. In such proceedings the allegations and counter allegations of the parties are presumed to be *ore tenus*. A written complaint is not required and if made need not be strictly adhered to. Town of Canoe Creek v. McEnery, 23 Ill. App. 227 ; Scott v. Town of New Boston, 26 Ill. App. 108. The mere fact that appellant left hedge cuttings on the road more than ten days constituted a violation of the

statute and it was not necessary to prove that the cuttings actually obstructed travel. The objection taken to the action of the court in its instructions to the jury on this point must be overruled.

Nor are the commissioners of highways restricted to a suit for the expense of removing the cuttings, because they notified appellant to remove the same. Nor will it bar a recovery that the cuttings were left in a part of the road not usually traveled. The public is entitled to the whole road and the provisions of Sec. 71 must be so construed. Boyd v. Town of Farm Ridge, 103 Ill. 408; Town of Canoe Creek v. McEnòry, *supra;* Scott v. Town of New Boston, *supra.* The evidence shows, however, that a substantial portion of the cuttings was thrown into the road in such a way as to become somewhat an obstruction. It is urged by appellants that this was caused by cattle and other stock; but if so the primary cause was the violation of the statute by placing the cuttings within the highway limits, though probably the main portion was not within that part of the road usually traveled.

We think the proof clearly showed that defendant had left hedge cuttings in the road for more than ten days within the meaning of the statute, and that the judgment should be affirmed.

*Judgment affirmed.*