## The People of the State of Illinois, Defendant in Error, v. Charles Carter, Plaintiff in Error.

1. Indictments—*for misdemeanor may charge separate offenses under various counts*. An indictment which in different counts charges one with selling intoxicating liquors in anti-saloon territory and with maintaining a nuisance in such territory is not objectionable.

2. Indictments—*when election as to prosecution of counts unnecessary*. It is not error to refuse to compel the people to elect as to which count of an indictment charging separate violations of the Dramshop Act they will prosecute.

Error to County Court of Champaign county; the Hon. W. G. Spurgin, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 15, 1912.

F. T. Carson, for plaintiff in error.

F. A. Coggeshall, for defendant in error; O. B. Dobbins, of counsel.

Mr. Presiding Justice Philbrick delivered the opinion of the court.

Plaintiff in error was indicted by the grand jury of Champaign County for selling intoxicating liquors and maintaining a nuisance in anti-saloon territory; the indictment contained nine counts, the first eight charging illegal sales of liquor, and the ninth charging him with maintaining a nuisance by keeping a building or room in which intoxicating liquors were permitted to be sold, in anti-saloon territory. The cause was certified from the Circuit Court to the County Court, where a trial was had and defendant was found guilty on the ninth count of the indictment. Judgment was rendered on this verdict and defendant fined fifty dollars and costs and committed to the county jail until fine and costs were paid, and in addition thereto, was sentenced to the county jail for twenty days; as a part of the judgment defendant was required to enter into a bond in the sum

of one thousand dollars conditioned that he would not permit intoxicating liquors to be sold in said building, and in default of execution of said bond the sheriff was directed to close the premises where said sales were found to have been so illegally made. Plaintiff in error prosecutes this writ of error which was made a supersedeas, upon his filing a bond, under order of this court, conditioned as required by law.

Plaintiff in error makes the usual assignments of error, and urges as a cause of reversal that the evidence fails to establish his guilt beyond a reasonable doubt, that the court erred in denying plaintiff in error's motion to quash the indictment, and in denying plaintiff in error's motion to require the State's Attorney to elect on which count of the indictment he would prosecute; also, that the court erred in giving instructions on behalf of the people.

Upon the contention that the trial court erred in denying the motion to quash the indictment, the only ground urged therefor is that the indictment charges two separate and distinct offenses and is, therefore, bad. Counsel cite in support of this contention Burke v. People, 23 Ill. App. 36, and Hoadley v. People, 23 Ill. App. 39; these cases hold that two separate and distinct offenses cannot be charged in the *same* count of an indictment, but have no application to this indictment. In an indictment charging misdemeanors separate and distinct offenses may be charged in the same indictment under various counts thereof. Gitchell v. People, 146 Ill. 175; People v. Whalen, 151 Ill. App. 18.

It is also insisted by plaintiff in error that the court erred in refusing to compel the people to elect on which count of the indictment they would prosecute, and in support of this it is argued that when an indictment charges two offenses the prosecutor should be required to elect on which count he will proceed. This has no application to an indictment where separate

violations of the dram shop act are charged.   Kroer v. People, 78 Ill. 299.

Upon the contention that the verdict is not supported by the evidence.   We find, upon examination, that the abstract furnished by plaintiff in error is so scant, meagre and unfair that it is impossible to learn from it what the evidence is, but on examination of the additional abstract and record we find that while the evidence is mostly circumstantial, it is sufficient to warrant the jury in finding defendant guilty on the ninth count of this indictment.   The evidence is clear and convincing that a nuisance was maintained in this building, and that it would be almost a physical impossibility for defendant not to have known of the conditions existing.

No question is raised concerning the territory, in which the sales were alleged to have been made, being anti-saloon territory; consequently, that question is not before this court.

While plaintiff in error assigns as error the giving of each and all of the instructions on behalf of the people, the argument is confined to the first eleven instructions.

On careful examination of the objections urged, we are satisfied that no prejudicial error was committed, and finding no prejudicial error in this record, the judgment is affirmed.

*Affirmed.*