## C. H. Fargo & Co. v. Laban B. Dixon.

1. INSTRUCTIONS — *Singling Out Solitary Facts.* — An instruction which singles out from the evidence a solitary fact and calls the attention of the jury to it, is erroneous.

2. JURY — *Province of, in Considering Evidence.* — A jury should be left to take into consideration all the evidence in the case, whether positive, or fairly inferential from what is certain, and it is error to take from their consideration the right to pass upon all the facts and circumstances proved.

**Assumpsit.** — Architect's services.   Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding.   Heard in this court. at the October term, 1895.   Reversed and remanded. Opinion filed March 3, 1896.

CRATTY BROS., MACLAREN, JARVIS & CLEVELAND, attorneys for appellant.

W. A. SHERIDAN, attorney for appellee.

MR. JUSTICE SHEPARD . DELIVERED THE OPINION OF THE COURT.

The appellee recovered a judgment below against the appellant corporation for $450, for making a set of plans and specifications and obtaining estimates on the same, for a shoe factory at Dixon, Illinois.

It seems that the city of Dixon appropriated $27,500 for the erection of the factory of appellant at that place, and there was evidence tending to show that appellant did not intend to put any more money into the plant than the sum so appropriated, and that appellee was informed of the fact before he began work on the plans and specifications. He

admits that he knew of the amount of the appropriation, but denies that he was informed of the appellant's intention to build and equip the factory within that sum, until after the work for which suit was brought had been done by him. He did, however, agree to prepare plans and specifications, and superintend the construction of the building, as a compensation to himself of three per cent on the whole cost of the building and its equipment.

Acting under such agreement he prepared the plans and specifications in question, and took bids for the work.

The bids for the building alone, considerably exceeded the sum appropriated, and those plans and specifications had to be abandoned.

Appellee admits in his testimony that he was then informed that the appropriation of $27,500 must build and equip the factory ready for occupancy.

Other plans and specifications were then prepared, and under them the proposed work was done, and appellee was paid in full at the agreed rate of three per cent upon the cost of doing it.

The claim sued and recovered upon was for the first set of plans and specifications, and the sum recovered was at the rate of one and a half per cent on the amount of the bids of $30,000 that were received for putting up the building alone.

The judgment having to be reversed because of an erroneous instruction to the jury given for appellee, we refrain from all comment upon the merits of the controversy.

In behalf of appellee the jury were given the following instruction :

" The jury are instructed that where a party orders services to be performed, and they are performed, then the law presumes that the party so ordering will pay a reasonable compensation for such services, in the absence of express agreement; hence, if the jury believe from the evidence that the defendant ordered Dixon to do the work for which he seeks to recover compensation in this case, that Dixon did the work as ordered, and has not yet been paid for the same,

then the jury are further instructed that they will find the issues for the plaintiff, and assess his damages at what they believe he is entitled to from the evidence; provided the jury believe from the evidence that Dixon was not told on the start that the building must be erected for $27,500."

The contract was an oral one, and it was in dispute between the parties as to its precise extent, whether it fairly included the work in question or not. Aside from what witnesses may have testified on either side as to its exact scope, the jury, properly instructed, should have been left to consider all the circumstances surrounding what was said and done by the parties in order to decide what the contract was. What the contract really was, comprised the actual controversy in the case. The contention was not so much directed to what would be owing to appellee if the contract were as he claimed, as that the contract itself was not what he claimed it to be.

And what the contract truly was could only fairly be ascertained by considering the implications that naturally arose from all the facts and proved circumstances surrounding the transaction, in connection with what was expressed. The question was not one of law, but of fact, to be gathered from all the evidence in the case. To single out, therefore, from all the evidence a solitary fact and tell the jury that if they found if appellee " was not told on the start that the building must be erected for $27,500," then as a matter of law the issues should be found in his favor, was clearly erroneous, and must necessarily have operated prejudicially to the appellant.

The jury should have been left to take into consideration all the evidence there was in the case, whether positive, or fairly inferential from what was certain. It was a fair question for the jury to decide from what was said and the reasonable implications and inferences to be drawn therefrom, and from the circumstances surrounding the parties, whether the contract of the parties included the making of all the plans and specifications which might be necessary to secure a building suited to the contemplation and means of appellant, or only such as might be finally adopted and used.

It was error, therefore, to take from the consideration of the jury, as was done by the instruction quoted, the right to pass upon all the facts and circumstances proved, and the judgment is accordingly reversed and the cause remanded.