## SWAIN NELSON
### *v.*
## PAUL FEHD.

*Opinion filed June 16, 1903.*

1. APPEALS AND ERRORS—*when instruction is properly refused.* An instruction asked by the defendant is properly refused which undertakes to state the two principal issues in the case, and requires the plaintiff, as to the first issue, to establish it by a *clear* preponderance of the evidence.

2. SPECIAL FINDINGS—*special interrogatory must relate to controlling ultimate fact.* It is proper to refuse a special interrogatory calling for a finding as to a mere evidentiary fact which would not control a general verdict.

3. HIGHWAYS—*right of owner of fee to dig ditch for drainage.* The owner of the fee in a public highway may dig ditches therein to drain his lands, provided his acts do not render the highway less safe, useful or convenient for the public.

4. TRIAL—*it is the province of the jury to weigh the probabilities.* It is the province of the jury to weigh not only the facts testified to, but the circumstances and reasonable probabilities arising from such facts.

*Nelson* v. *Fehd,* 104 Ill. App. 114, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

HUGH L. BURNHAM, and ARTHUR W. BURNHAM, for appellant.

CLARENCE S. DARROW, and PHILIP S. BROWN, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This case originated in the superior court of Cook county. The record discloses and the proof shows that appellant, Swain Nelson, was the owner of certain lands near the station of Glenview, in the town of Northfield. On the south end of said premises was a public highway known as Lake street, (the town of Northfield not being incorporated,) the road having been laid out by the highway commissioners several years ago, and at the time the accident occurred had a gravel road-bed, and on each side of the road-bed there was a deep ditch, made by the commissioners of highways prior to the purchase of said land by appellant. In the fall of 1897 appellant, desiring a better outlet for certain tile emptying into the ditch, excavated in the bottom of the ditch for a distance of several hundred feet, making the sub or second ditch from eighteen to twenty-four inches in width and about two feet deep. On the evening of January 11, 1898, between six and seven o'clock, appellee, with two other men, was riding along said Lake street in a platform spring-wagon drawn by one horse. They were going in a westerly direction. The evidence shows that it was a dark, misty night, and that they were unable to see an approaching vehicle with the aid of a lantern which they were carrying, until within twenty feet of it; that the ground was frozen and slippery; that at a point on said street where appellant had excavated they met a bus going east; that appellee turned to the right, and in doing so his wagon slipped into the ditch and both horse and wagon turned completely over, the horse being on his back and in the bottom of the ditch; that appellee

felt the vehicle slipping, and jumped, landing in the ditch, the horse falling on his leg and crushing it against the side of the ditch and breaking the bones in three different places.

The original declaration consisted of three counts. At the close of the plaintiff's testimony the defendant moved the court to exclude the testimony from the jury and direct a verdict in favor of the defendant, on the ground that the evidence did not support the declaration. The plaintiff took a non-suit as to the first and third counts, and by leave of the court amended the second count by striking out certain words. At the close of all the testimony the defendant renewed his motion to exclude the testimony from the jury and direct a verdict for the defendant. The plaintiff again, by leave of court, amended his declaration, which left it containing the following allegation: "And the defendant, acting in an unlawful and improper manner, dug and constructed, or caused to be dug and constructed, a certain ditch in said Lake street in front of the said premises aforesaid, and in so unlawfully digging and constructing said ditch, as aforesaid, so negligently and carelessly dug the same that the buggy in which the plaintiff was then and there driving, slipped and slid into said ditch aforesaid, and the plaintiff was then and there, with great force and violence, thrown from said buggy into said ditch." The defendant moved that the declaration, as amended, be stricken from the files, which motion was denied. The defendant then renewed, in writing, his motion to exclude the testimony from the jury and direct a verdict, which motion was overruled. The jury returned a verdict for the plaintiff, assessing his damages at $1200. An appeal was taken to the Appellate Court, where the judgment of the lower court was affirmed, and now the further appeal to this court.

The appellant makes fifteen assignments of error, but counsel have argued but four. Two of the errors consid-

ered by appellant relate to the instructions, one to the refusal of the court to submit to the jury a special interrogatory that was asked, and the other attacks the sufficiency of the evidence to support the verdict. The complaints that are made and urged in reference to the instructions will be first discussed.

It is urged that the court erred in refusing the following instructions:

1. "The jury are instructed to find the issues for the defendant.

2. "The court instructs the jury that there are two principal questions in this case: First, did the plaintiff's wagon slip or slide into that part of the ditch dug by the defendant, Nelson? Unless this is clearly shown to be the case by a preponderance of the evidence you should find the issues for the defendant, Nelson. And second, did the plaintiff, Fehd, exercise that degree of care which a prudent man would ordinarily exercise in driving along a country road in the dark? If not, you must find the issues for the defendant, Nelson."

The first clause of the second instruction required the plaintiff to make out his case by a "clear" preponderance of the evidence, and it is therefore bad. (*Lenning* v. *Lenning*, 176 Ill. 180; *Crabtree* v. *Reed*, 50 id. 206.) As to the last clause, appellee urges that it assumes evidentiary facts, and makes it incumbent upon the plaintiff to prove a greater degree of care than an ordinarily prudent man would exercise under like circumstances. To this contention we do not accede. We think the expression used in that clause, viz., "Did the plaintiff, Fehd, exercise that degree of care which a prudent man would ordinarily exercise in driving along a country road in the dark," as applied to the evidence, is equivalent to the expression, "Was the plaintiff, at the time of the injury, exercising due care for his own safety?" And if the second clause had been offered separately it would have been error to refuse it, as it related to an ultimate fact. (*Chicago and*

*Northwestern Railway Co.* v. *Dunleavy*, 129 Ill. 132.) But the appellant undertook by the refused instruction to state two principal issues in the case, the first of which, as stated, was clearly, because of the use of the word "clearly," wrong, and the instruction could not be given in part and refused in part and leave in it the propositions it undertook to state. It was not the duty of the court to put it in form or modify it. It was therefore properly refused.

Appellant also assigns as error the refusal of the trial court to submit the following interrogatory: "Did the right-hand wheel of Fehd's wagon enter that part of the ditch excavated by the defendant, Nelson, before the wagon was overturned?" The defendant also asked and the trial court submitted the following interrogatory: "Was it by reason of that part of the ditch excavated by the defendant, Nelson, that the plaintiff's wagon was overturned?" To this the jury answered, "Yes." The interrogatory given to and answered by the jury related directly to the ultimate fact in issue, and as the refused interrogatory merely related to and called for a finding of an evidentiary fact, it was properly refused. (*Chicago and Northwestern Railway Co.* v. *Dunleavy, supra; Chicago City Railway Co.* v. *Olis*, 192 Ill. 514.) In the latter case, relative to this subject of special interrogatories, we said (p. 518): "It would have been to find but a single evidentiary fact that would not have been inconsistent with the general verdict that was given for the appellee. A question of fact which is entitled to be submitted to the jury for their special finding must be one which, if found, must be controlling. 'A fact which merely tends to prove a fact in issue without actually proving it can not be said to be, in any legal sense, inconsistent with a general verdict, whatever that fact may be.' (*Chicago and Northwestern Railway Co.* v. *Dunleavy*, 129 Ill. 132.) 'The rule is, that the special interrogatories to be submitted to a jury, under the statute, must relate to the ultimate

facts, and not to mere evidentiary facts that tend, more or less, to establish the ultimate facts upon which the rights of the parties depend.'"

The appellant also discusses the question of the liability incurred by the defendant in digging a ditch on the public highway the fee of which was in himself. The appellant had a right, upon this highway, to do that necessary for the drainage of his lands, provided he did not interfere with the use of the highway, rendering it less safe, useful or convenient for the public. (*Postal Telegraph Co.* v. *Eaton*, 170 Ill. 513; Elliott on Roads and Streets, 519.) If the ditch dug by appellant was an obstruction on this highway then his acts were unlawful. (Rev. Stat. chap. 121, sec. 71; *Town of Canoe Creek* v. *McEniry*, 23 Ill. App. 227; *Boyd* v. *Town of Farm Ridge*, 103 Ill. 408.) The finding of the jury was that the ditch was an obstruction, and that finding we are not authorized to disturb.

The peremptory instruction was properly refused. There was evidence in the record tending to support the allegations of plaintiff's declaration, and the question therefore properly became one for the jury.

The appellant has carefully prepared and presented in his brief and argument certain drawings, supported by a line of reasoning, by which he claims that he has demonstrated the impossibility, according to the rules of physics, of this occurrence taking place in the manner testified to by appellee's witnesses, and, hypothecated upon that supposed demonstration, urges that there is no evidence to support the judgment and verdict, and that therefore his peremptory instruction should have been given. The jury were not obliged to find, in order to justify a verdict for the plaintiff, that appellee's wagon capsized in the particular manner described or supposed by the witnesses. The evidence shows that this accident occurred in the night time, and even if it had been in the day time, with the excitement attending such accidents,

it is not likely that the details could have been definitely and exactly told. In criminal cases men are deprived of life and liberty upon circumstantial evidence, and we have not thought it necessary to be more exact in administering the law as applicable to the awarding of damages for negligence in civil cases than would be required in criminal cases. It is the province of the jury to weigh not only the particular facts testified to, but the circumstances and reasonable probabilities arising from the facts so testified to. No scientist testified that it was impossible that this accident could have occurred as the proof tended to show and the jury found, nor did anybody testify that the accident was not due to the deepening of the ditch by the appellant, and the jury expressly found that that was the cause of the accident. The ordinary occurrences in human affairs are not usually according to any rules of physics or science, and the accident involved in this case may be regarded as rather extraordinary and much less susceptible of absolute demonstration as to the manner of its occurrence. If, in rendering a verdict, a jury should be required to agree upon all the details of any alleged material occurrence there would rarely be any verdict. Such is not the requirement of the law. In its application to cases it must be reasonable, and must give ample latitude to the varying experiences of men in the consideration of the facts and circumstances adduced in evidence.

This case presents no intricate questions of law, and the affirmance of the judgment by the Appellate Court has settled conclusively all questions of fact and of mixed questions of law and fact.

We are of the opinion that the record discloses no reversible error, and the judgment of the Appellate Court will be affirmed.                    *Judgment affirmed.*