## Elizabeth Brady v. George D. Mangle et al.

1. INSTRUCTIONS—*Calling for a Stronger Degree of Proof than a Preponderance, Erroneous.*—An instruction in a civil action that calls for a stronger degree of proof than a preponderance, such as that the jury should be "convinced" or "satisfied," imposes a greater burden on the plaintiff than the law demands.

2. SAME—*Where an Imperfect Instruction is Cured by Others.*— Where the correct rule of law is repeated several times in instructions, the giving of one instruction stating the same rule incorrectly will not necessarily be prejudicial error.

**Trespass on the Case,** under the dram-shop act.   Error to the Circuit Court of Menard County; the Hon. THOMAS MEHAN, Judge presiding. Heard in this court at the November term, 1902.   Affirmed.   Opinion filed August 28, 1903.

THOMAS P. REEP and H. W. MASTERS & SON, attorneys for plaintiff in error.

N. W. BRANSON, attorney for defendants in error; M. R. HARRIS, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

This was an action on the case, brought by Elizabeth Brady against George D. Mangle, Patrick Griffin and Louis Pierson, dram-shop keepers, and Albert Wochner, Adolph Wochner, Charles Bradley and Henry Lucht, owners of the buildings in which such dram-shops were conducted, to recover damages to her means of support by reason of an injury received by her husband, John Brady, caused by his intoxication, which intoxication was produced in whole or in part by liquor sold and furnished to him by said dram-shop keepers.

There was a verdict of the jury finding defendants not guilty and judgment on the verdict against plaintiff for costs.

Plaintiff brings the cause to this court by writ of error and assigns as error upon which she relies for a reversal of the judgment, that the verdict of the jury is contrary to the evidence; that the court gave improper instructions on behalf of defendants and refused to give proper instructions asked on behalf of plaintiff.

John Brady, the husband of plaintiff, was a coal miner, residing with his family in Greenview. On October 25, 1899, he occupied the position of check-weighman and was earning from ten to twenty dollars per week. For many years he had been addicted to the excessive use of intoxicating liquors and usually indulged his tastes in that direction semi-monthly on the occasion of pay day.

On the day mentioned he left his house immediately after supper and frequented and drank in the saloons of some or all of the defendants until half past nine or ten o'clock, when he started for home.

At about ten o'clock he was found lying in a ditch, near his home, where he had presumably fallen from the sidewalk immediately adjacent. The injuries received by him are serious and permanent and will disable him from doing any manual labor.

Brady was a witness called on behalf of his wife, and his examination developed the fact that he had written the following letter :

"GREENVIEW, Sept. 28th, 1900.

FROM JOHN BRADY TO MR. EPH. PROPST, PRES. TOWN BOARD.

DEAR SIR :—I send you this letter in hope you will place it before the Board of which you are the President. My case is this: I injured my spine by falling into an open ditch on the 25th of last October; it was a very dark night and there was no lights of any sort in that part of town. I have been helpless ever since and suffer a great deal. If the Board would grant me one thousand dollars damages I could go and have something done for myself, and also pay the doctor bills that I owe already. I always made my living and paid my honest debts by my work. I never can work any more now. I can not get in or out of bed without help.

I know it is reported that I was drunk but that is false. I have plenty of witnesses that I was sober. Please place this before the Board at the first meeting and let me know the result as soon as possible.

Yours Respt.,

JOHN BRADY."

The letter was offered in evidence by plaintiff in error at the trial.

The evidence bearing upon the intoxication of Brady on the evening in question was conflicting, about an equal number of witnesses testifying on each side of the controversy.

The evidence tends to show that the night of October 25, 1899, was dark, and that the electric lights in the neighborhood of the ditch in which Brady was found, were not burning, because of a broken circuit.

We can not say that the verdict is against the weight of the evidence and that the jury were not justified in concluding that the proximate cause of Brady's injury was the darkness of the night and the absence of a guard rail on the sidewalk rather than that he was intoxicated. We have no doubt, however, as suggested by counsel for plaintiff in error, that the letter written by Brady nearly a year subsequent to the injury, when sufficient time had elapsed to

Brady v. Mangle.

mature judgment and fix recollection, contributed its full share to the result reached by the jury.

We have considered all objections urged to the giving and refusal of instructions and find but one that deserves any serious consideration.

At the request of defendants in error the court gave the following instruction:

"The court instructs the jury that before you can find for the plaintiff you must be convinced by a preponderance of the evidence that the injury complained of was the direct and immediate result of the intoxication as alleged in the declaration; and unless the proof shows by a preponderance of the evidence that said Brady fell into the ditch and was injured as the direct or immediate result of said intoxication, you should find the defendants not guilty."

It requires no extended argument nor citation of authority, to determine that this instruction is erroneous. It has been repeatedly held that in civil actions the plaintiff is required to sustain the issues involved, by a preponderance of evidence only. An instruction that calls for a stronger degree of proof, such as that the jury shall be "convinced," or "satisfied," imposes a greater burden on plaintiff than the law demands.

It will be noticed that this instruction is double in construction, the first section stating the law incorrectly and the latter stating it correctly.

The court gave to the jury ten instructions at the request of plaintiff in error and eight at the request of defendants in error.

In five instructions in each series, excluding the instruction under consideration, the rule as to the degree of proof required to authorize plaintiff to recover, was correctly stated. In view of the frequent repetition of the correct rule, we are not disposed to conclude that the jury riveted their attention exclusively to the word "convinced," as used in the first part of this instruction, and ignored the others.

Finding no prejudicial error in the record, the judgment will be affirmed.