JAMES McGUIRE, Appellee, *vs.* THE RICHARD GUTHMANN TRANSFER COMPANY, Appellant.

*Opinion filed April 23, 1908.*

1. TRIAL—*when court must deny motion to direct a verdict for the defendant.* If all the eye-witnesses of an accident except the driver of the team testify that at the time the team ran over a child it was being driven at a greater speed than the proven ordinances of the city permitted, the court must submit the case to the jury notwithstanding the driver testified the team was walking.

2. APPEALS AND ERRORS—*counsel should not argue the facts in Supreme Court in suit at law.* Upon appeal from a judgment of the Appellate Court affirming the judgment of the trial court in an action at law, questions of fact are not reviewable by the Supreme Court and counsel should not argue them in his brief.

3. JURORS—*what is not proper examination of jurors.* The latitude allowed to counsel in the preliminary examination of jurors does not authorize the question, "If, after having retired to the jury room, after having heard the evidence and been instructed upon the law by the court, if you should find some of the jurymen did not agree with your conclusions, would that fact, standing alone, cause you to change your mind?"

4. NEGLIGENCE—*correct rule as to contributory negligence of a child.* A child is required to exercise only that degree of care which a child of his age, intelligence, capacity, discretion and ex-

perience would naturally and ordinarily use in the same situation and under the same circumstances.

5. SAME—*capacity, intelligence, discretion and experience of a child need not be proved.* If the age of a child injured by defendant's negligence is proven to be a few months past seven years, an instruction stating the true rule as to the contributory negligence of a child may be given without proof of the capacity, intelligence, discretion or experience of such child, as, in the absence of proof to the contrary, it will be presumed that his qualifications in such respects were those of an average child of his years.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding.

W. B. MOAK, for appellant.

BRANDT & HOFFMAN, (OSCAR C. MILLER, of counsel,) for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Appellee, James McGuire, a child seven years and four months old, was knocked down and run over by a team and wagon belonging to the Richard Guthmann Transfer Company on April 22, 1905. This suit was brought to recover for injuries received by the child, and upon a trial in the superior court of Cook county a verdict and judgment for $3000 was obtained, which has been affirmed by the Appellate Court for the First District. The transfer company has perfected an appeal to this court.

At the close of all the evidence appellant requested the court to direct a verdict in its favor. This request was denied and the ruling is assigned as error.

Among other acts of negligence charged in the declaration, it was averred that the team of appellant was being negligently driven at a rate of speed prohibited by the ordinances of the city of Chicago. An ordinance was introduced

prohibiting the riding or driving of horses or other animals in the city of Chicago with greater speed than six miles per hour and providing a penalty for a violation thereof, and also another ordinance prohibiting any person from turning the corner of any street or crossing with any team of horses or other animals at a greater rate of speed than four miles an hour.   The evidence of five or six eye-witnesses to the accident proves that the team in question was being driven, at the time of the accident, by a servant of appellant, at a rate of speed prohibited by the ordinance.   The only evidence tending to contradict this contention is the testimony of the driver, who says that the team was being driven at a walk when the accident occurred.   It is a useless expenditure of time to argue to this court that there is no evidence fairly tending to support a charge of negligence when the great preponderance of the evidence shows that appellant was guilty of a flagrant violation of the speed ordinance at the time the accident occurred.   We do not see how the jury could reasonably have found otherwise, under the evidence, than that the team was being driven at a prohibited rate of speed.   It is true, the driver of the team has given a different account of the transaction, but he is contradicted by the testimony of every witness who saw the accident, both as to the speed of the team and the direction from which appellee came.

Under the evidence in this case, the negligence of appellant, the resulting injury and the absence of contributory negligence on the part of appellee were all questions for the jury, and the affirmance of the judgment by the Appellate Court conclusively settles the facts against appellant.   This rule has been so frequently announced by this court that all lawyers must be presumed to be familiar with it.   Notwithstanding the oft-repeated rule that the affirmance of a judgment in a law case by the Appellate Court precludes this court from considering questions of controverted fact, yet appellant has devoted some twenty pages of its brief to an

effort to convince this court that one contradicted witness is sufficient to overcome the testimony of a half dozen unimpeached witnesses, and that the damages awarded appellee are excessive. All this discussion is entirely out of place in this court, and appellant's counsel has simply wasted his time and labor and his client's money and the time of this court unnecessarily in presenting an elaborate argument upon questions which the law does not permit this court to pass upon. In view of the character of appellant's brief this court would be justified in striking it from the files and affirming the judgment *pro forma.*

In the preliminary examination of the jurors appellant asked eight of them the following question: "I will ask you if, after having retired to your jury room, after having heard the evidence and been instructed upon the law by the court, if you should find some of the jurymen did not agree with your conclusions, would that fact, standing alone, cause you to change your mind?" The trial court sustained objections to this question, and the ruling is assigned as error. The effect of this question, if answered in the affirmative by the jurors, would be to commit them in advance to a course in the jury room likely to result in a disagreement of the jury. The latitude allowed in the examination of jurors cannot be extended so as to allow parties to ask jurors questions having a tendency to produce disagreements of the jury. We are not aware of any authority, and none has been cited by appellant, as a precedent for the line of examination insisted upon. The court very properly sustained the objection to appellant's question. *City of Evanston* v. *Richards,* 224 Ill. 444.

The court, at the instance of appellee, gave to the jury the following instruction:

"The jury are instructed that the rule as to contributory negligence of a child is, that a child is required to exercise only that degree of care which a child of his age, intelligence, capacity, discretion and experience would naturally

and ordinarily use in the same situation and under the same circumstances."

The giving of this instruction is assigned as error, for the reason, it is said, there was no evidence upon which to base it. The instruction states the law accurately under the decisions of this court in *Illinois Iron and Metal Co.* v. *Weber,* 196 Ill. 526, and *Star Brewery Co.* v. *Hauck, 222* id. 348.

Appellant seems to assume that in order to justify the court in giving this instruction it was necessary for appellee to prove the extent of intelligence, capacity, discretion and experience possessed by appellee. This contention cannot be sustained. This instruction only purports to lay down the general rule as to the degree of care the law requires of a child. The proof is, that appellee was a child of only a few months past seven years of age at the time of the injury. In the absence of proof to the contrary, appellee must be presumed to have such capacity to appreciate danger, and such discretion and intelligence in protecting himself therefrom, as might reasonably be expected of an average child of his age and under like circumstances. If appellant contends that by reason of some special advantage or particular experience in life appellee ought to be chargeable with a higher degree of care than would be expected of an ordinary boy of his age, evidence of such facts should have been offered by appellant.

Appellant's criticism upon other instructions we find, upon consideration, are not well taken.

Finding no error in this record the judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*