Margaret Dowd, Plaintiff in Error, v. Chicago City Railway Company, Defendant in Error.

### Gen. No. 14,898.

1. INSTRUCTIONS—*when present or former employment element in determining credibility of witness.* The mere fact of present or former employment of a witness by one of the parties, is not an element in determining his credibility or the weight of his testimony, unless in addition it be shown that he has an interest in the result of the litigation.

2. INSTRUCTIONS—*when refusal upon slight preponderance erroneous.* In a close case an instruction on this subject as follows:

"The court instructs the jury that while, as a matter of law, the burden of proof is upon the plaintiff, and it is for her to prove her case by a preponderance of the evidence, still if the jury find the evidence bearing upon the plaintiff's case preponderates in her favor, although but slightly, it will be sufficient for the jury to find the issues in her favor, and find a verdict against the defendant," should be given; the refusal is not reversible error.

3. INSTRUCTIONS—*when cautioning against sympathy erroneous.* The use of the word "even" in an instruction telling the jury "that sympathy for the injuries and disabilities of the plaintiff *even* though you believe they exist," though erroneous as an expression of doubt on the part of the judge as to the existence of such injuries and diabilities, is not reversible error.

4. INSTRUCTIONS—*when upon exercise of ordinary care erroneous.*
An instruction which tells the jury that a mere failure on the part
of the plaintiff to exercise ordinary care to avoid being injured will
bar a recovery, is erroneous; such a failure must have been at or
about the time of the accident, at the place of the accident, and of
such a character as to have contributed to the injury.

5. INSTRUCTIONS—*when error to instruct for defendant.* Where
the declaration contains a single count wherein the defendant's
negligence is alleged disjunctively in various forms, the proof of
any one of which would sustain a judgment for plaintiff, it is re-
versible error to instruct the jury to find for the defendant unless
the plaintiff proved the defendant guilty of negligence "in the
manner charged in the declaration."

6. APPEALS AND ERRORS—*when recitals of bill of exceptions do not
justify inference of clear preponderance in favor of defendant.* The
Appellate Court is not justified in concluding that there was such a
clear preponderance of the evidence in favor of the defendant as to
require a judgment in its favor to be upheld despite serious errors
in the instructions, where the bill of exceptions after giving the
substance of the directly conflicting testimony of plaintiff and one
witness for her and of the defendant's motorman and conductor, re-
cites that "there were other witnesses to the occurrence called on
behalf of the defendant and other witnesses to the injuries on
behalf of both parties not herein referred to or abstracted."

Action in case for personal injuries. Error to the Circuit Court
of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.
Heard in the Branch Appellate Court at the October term, 1908.
Reversed and remanded. Opinion filed February 15, 1910.

HENRY S. WILCOX, for plaintiff in error; JESSE WIL-
COX, of counsel.

JOHN E. KEHOE and WATSON J. FERRY, for defend-
ant in error; JOHN R. HARRINGTON, of counsel.

MR. JUSTICE MACK delivered the opinion of the
court.

In a personal injury suit, in which the evidence was
so conflicting that the determination of the jury as to
the preponderance would be upheld by this court,
judgment was rendered for defendant on the jury's
verdict.

Under these circumstances it was essential that the
jury be carefully and properly instructed.

Complaint is made by plaintiff particularly of given

instructions, but also of the refusal to give two others requested on her behalf.

The court had, at defendant's request, instructed the jury that they had the right in weighing plaintiff's evidence to take into consideration the fact of her interest, but refused to give the following:

"1.  The jury are instructed that the fact that any witness in this case is or has been in the employ of the plaintiff or defendant, if such is the fact, as well as the relation which exists between any witness and either party, if any, in this suit, and any interest the witness may have in the result of the suit, if any, may be considered by the jury in determining the weight which ought to be given to the testimony of such witness, or witnesses, taking the same in connection with all the other evidence in the case and the facts and circumstances proved upon the trial."

The motorman and conductor had testified directly contrary to plaintiff's witnesses on essential points.

While the Supreme Court held in Donley v. Dougherty, 174 Ill. 582, that the giving of this instruction involved no substantial or reversible error, it has now been determined that the mere fact of present or former employment of a witness by one of the parties, is not an element in determining his credibility or the weight of his testimony unless in addition it be shown that he has an interest in the result of the litigation. Bennett v. Chicago City Ry. Co., 243 Ill. 430, at 433, 439 and 440.

The second refused instruction was as follows:

"The court instructs the jury that while, as a matter of law, the burden of proof is upon the plaintiff, and it is for her to prove her case by a preponderance of the evidence, still if the jury find the evidence bearing upon the plaintiff's case preponderates in her favor, although but slightly, it will be sufficient for the jury to find the issues in her favor, and find a verdict against the defendant."

This instruction has been approved as sound in Taylor v. Felsing, 164 Ill. 331, and numerous other cases.  The question of whether the refusal to give

it in a close case constitutes reversible error does not seem to have been decided. In O'Donnell v. Armour C. H. Works, 111 Ill. App. 516, its refusal did not cause a reversal because "no other verdict could reasonably have been returned." Moreover, since this decision the Supreme Court has expressly held such an instruction to be good. C. C. Ry. Co. v. Fennimore, 199 Ill. 9.

We cannot find any valid reason for the refusal where, as in this case, the word "preponderance" was not defined to the jury except as it was used at times interchangeably with the phrase "greater weight."

Plaintiff objects to the word "even" in an instruction "that sympathy for the injuries and disabilities of the plaintiff even if you believe they exist" should have no influence, as an expression of doubt on the part of the judge as to their existence. We cannot assent to defendant's view that the objection is hypercritical.

Nevertheless we do not regard the errors in refusing the one instruction and in giving the other as in themselves sufficient ground for reversal.

The main error relied upon by plaintiff is in the giving of the first instruction tendered by defendant and reading:

"1. The jury are instructed that the plaintiff cannot recover against the defendant in this case, unless they find she has a preponderance of evidence supporting the three following propositions:

"First: That the defendant was guilty of negligence in the manner charged in the declaration, or one of the counts thereof.

"Second: That the plaintiff was injured as a direct result of such negligence.

"Third: That the plaintiff herself exercised ordinary care to avoid being injured.

"Proving one, or even two, of these propositions does not entitle the plaintiff to recover, and unless you find from the evidence under the law, as given in these instructions, that she has sustained all three of these

propositions by a preponderance of the evidence, she cannot recover, and your verdict should be not guilty.''

Her objections are threefold:

1st.   The declaration consisted of but one count. Therefore the instruction referring to ''the declaration or one of the counts thereof'' is meaningless.

2nd.   In the one count, the charge of negligence was that while plaintiff, a passenger, was about to alight defendant negligently caused the car to be started so as to cause her to be thrown and ''that the defendant was guilty of negligence in the general management of said car and was particularly guilty of negligence in failing to stop said car a reasonable length of time, and was guilty of negligence in failing to stop said car a sufficient length of time at said Justine street to enable the plaintiff to alight in safety, and was guilty of negligence in starting said car when the plaintiff was in the act of alighting, and was guilty of negligence in starting said car in a sudden and violent manner and in starting said car with a jerk, in consequence of all said acts of negligence of said defendant the plaintiff was injured as aforesaid.''

This instruction, in imposing upon her the obligation to prove the defendant guilty of negligence *in the manner charged in the declaration* and in directing a verdict of not guilty if she failed to do so, compelled her to prove each allegation of negligence, although the proof of one would be sufficient.

3rd.   There is no limitation either of time or place or of the contributing influence of a failure by her to exercise ordinary care.

In this instruction the jury are charged that she could not recover if she failed to exercise ordinary care on the occasion in question, and if the jury further find ''that such failure was negligence which contributed to the injury.''   This might have cured an instruction that, in attempting to define her duty to exercise ordinary care, was not clearly or entirely correctly drawn.

But the instruction objected to went further. It was an express direction to the jury that the plaintiff could not recover in this case unless they should find that she had a preponderance of the evidence that she had exercised ordinary care to avoid being injured, and that unless they so find the verdict should be not guilty.

A direction for a verdict of not guilty must be just as careful to embrace all the facts and conditions essential thereto as one of guilty. And this is equally true whether the direction is based on affirmative proof or on the absence thereof.

The mere failure on the part of plaintiff to exercise ordinary care to avoid being injured would not affect her right of recovery. Such failure must have been at or about the time of the accident, at the place of the accident, and of such a character as to have contributed to the injury.

Defendant asserts that if, in accordance with the clause marked second in this instruction, the jury found the injury to have been the direct result of defendant's negligence, they necessarily found that plaintiff's negligence, if any, did not contribute to produce the injury. But the very objection to the instruction is that plaintiff was required not merely to prove that the injury resulted directly from defendant's negligence, but also affirmatively that she was in the exercise of due care, and that too without limitation as to time and place and irrespective of whether any negligence of which she might have been guilty, even at the time and place in question, contributed to produce the injury. The law casts no such burden upon the plaintiff.

The bill of exceptions, after giving the substance of the directly conflicting testimony of plaintiff and one witness for her and of the defendant's motorman and conductor, recites that "there were other witnesses to the occurrence called on behalf of the defendant and other witnesses to the injuries on behalf of both parties not herein referred to or abstracted." We cannot

conclude from this statement that the preponderance of the evidence was so clearly with the defendant as to require an affirmance of the judgment despite the errors in the instructions.

*Reversed and remanded.*