# William Witt et al., Appellants, v. William Gallemore, Appellee.

1. INSTRUCTIONS—*when should be accurate.* Where a case is close on the facts the instructions should be especially accurate.

2. INSTRUCTIONS—*when upon effect of contract erroneous.* An instruction which leaves to the jury to determine how the parties to a contract understood the same, is erroneous; the question is what the contract was and not how it was understood.

3. INSTRUCTIONS—*when upon preponderance of evidence erroneous.* An instruction which undertakes to tell the jury upon what facts and circumstances they shall determine the preponderance of evidence, is erroneous, as invading the province of the jury.

4. INSTRUCTIONS—*when submit questions of law.* An instruction is erroneous in submitting a question of law to the jury where it instructs the jury as to what is essential to make a contract.

Appeal from the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the May term, 1911. Reversed and remanded. Opinion filed October 14, 1911.

HUBBARD, SCHMIEDESKAMP & GROVES, for appellants.

J. T. GILMER and CYRIL W. ARMSTRONG, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by plaintiffs against defendant to recover damages for the breach of an alleged contract for the sale of eighty hogs claimed by plaintiffs to have been sold by defendant to them and which he failed to deliver and which they were ready, able and willing to take and pay for as per their alleged contract. Trial below resulted in a verdict and judgment against plaintiffs for costs, from which they prosecute this appeal.

On the morning of March 10, 1909, William Witt, a member of the firm of Witt Brothers, called defendant over the telephone at his residence and had a conversation with him concerning the purchase and sale of eighty head of hogs. This conversation was heard by several persons, ranging from eighteen to sixty-five years of age, who were eavesdropping on the wire, also by two telephone operators. The evidence of these parties and the evidence of the plaintiffs and defendant is hopelessly in conflict and the question as to whether the conversation had between the parties with regard to the sale and purchase was such as to constitute a contract between them is so close that it is necessary that the jury should have been accurately instructed as to the law applicable to the facts in this case. Turner-Hudnut Co. v. Vaupel, 111 Ill. App. 147; E. St. C. Ry. Co. v. Meeker, 119 Ill. App. 27; I. C. R. R. Co. v. Burke, 112 Ill. App. 415.

The instructions in this case are so conflicting and erroneous that they furnish no guide whatever to the jury arriving at a verdict. The first instruction given on behalf of defendant informed the jury that it was incumbent upon the plaintiffs to prove by a preponderance of the evidence that the parties to the alleged contract understood the terms and conditions alike. This instruction submitted not a fact as to whether a con-

tract had been made but submitted to the jury the question whether the parties understood the contract alike. It was not a question of their understanding, but a question of the terms of the contract, if any contract was made, which should have been submitted to the jury. This instruction also undertook to tell the jury upon what facts and conditions and circumstances they should determine the preponderance of the evidence and eliminated from the consideration of the jury the question of the number of witnesses testifying. Instruction number three told the jury that if there was a misunderstanding between the parties, then there was no contract; such is not the law. If a contract was made and the terms expressed, then the language used must determine what was meant, and a difference in understanding of the language used could not defeat the contract. Instruction number six is subject to the same criticism. Number eleven left to the jury a question of law as to what was essential to make a contract. The eighth refused instruction requested on behalf of the plaintiffs should have been given to the jury; it is a correct statement of the law and no other instruction covered the questions submitted by this instruction. Plaintiffs' refused instruction number nine is also a correct statement of the law and should have been given to the jury. It is unnecessary to go into detail upon all of the questions raised upon these instructions; from what has been said, the other errors will not be repeated on another trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*