### Harry Swigart, Appellee, v. D. L. Savely, Appellant.

1. INSTRUCTIONS—*preponderance of evidence.* An instruction requiring the plaintiff to satisfy the minds of the jury by a preponderance of the evidence is properly refused.

2. INSTRUCTIONS—*giving undue prominence to particular facts.* An instruction which singles out an inconclusive fact and directs a verdict thereon, or which particularly directs the attention of the jury and gives undue prominence to certain facts and portions of the evidence, is properly refused.

3. INSTRUCTIONS—*not duty of court to modify.* The court may modify erroneous instructions requested, but it is not bound to do so.

Appeal from the Circuit Court of De Witt county; the HON. SOLON PHILBRICK, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

ARTHUR F. MILLER and STONE & GRAY, for appellant.

HERRICK & HERRICK, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

Appellee brought suit before a justice of the peace against appellant to recover damages for the breach of a contract concerning the sale of some hay; an appeal was taken from the judgment of the justice to the circuit court, where a verdict in favor of plaintiff was returned for sixty dollars, on which judgment was rendered.

The parties to the suit are both farmers. The evidence for appellee shows that appellee and Marshall Johnson met appellant and Win. Ross in the road. Appellant had some bales of clover hay in his wagon and Johnson wanted to buy it. Appellant said it was not for sale, but said he had twenty-two acres of timothy hay he would sell. Johnson replied he did not want timothy, but that he did want clover. There-

upon appellee spoke up and said he would buy the timothy. The evidence of appellee and Johnson is to the effect that appellee bought the hay at ten dollars per ton when cut and cured, and the twenty-two acres of timothy to be taken in the windrow after being cut and raked into windrows by appellant. Johnson afterwards bought two tons of this hay from appellee at sixteen dollars per ton and was given instructions by appellee to go and get the hay. Johnson went to appellant's farm to get the hay under the directions of appellee and had a conversation with appellant. Appellant told him James Griffin was to cut the hay and for Johnson to let him know when to cut it. Griffin cut the hay a couple of days later and Johnson went to the farm to get the hay early in the morning following the day it was cut. When Johnson went to get the hay the morning after it was cut, appellant told him he had not taken the hay when it had been agreed to be taken and refused to let him have it, although he had not notified either appellee or Johnson when it would be or was cut. Johnson told him he would report to appellee, which he did immediately, and appellee went at once and asked appellant why he did not let the hay go to town; that if he didn't want to let it go before getting his pay for it he would pay him. Appellant replied, "There is the gate and if you don't go out I will throw you out. You have broken your contract." Appellee tendered appellant pay for the hay in gold which seemed to make appellant so angry that he wanted to fight and called appellee vile names. The evidence also showed that the hay was worth at that time fifteen to eighteen dollars per ton.

Appellant's defense is that he did not sell the hay to appellee but to Johnson and that it was to be taken in the afternoon of the day it was cut; that he sold him green hay, not cured hay. In the record the evidence appears to be equally balanced as far as the number of witnesses is concerned, but there are always various matters seen by a jury and trial court, that

affect the weight to be given to the testimony of witnesses of which an appellate court has not the benefit in weighing the evidence. We find no valid reason for interfering with the verdict of the jury, which was approved by the trial court.

Appellant also contends that there was error in the giving and also in refusing instructions. We have examined all the instructions and find no error in the rulings of the trial court. Two of appellant's instructions were refused because they required the plaintiff to *satisfy* the mind of the jury by a preponderance of the evidence (Brady v. Mangle, 109 Ill. App. 172); others were properly refused because they singled out an inconclusive fact and directed a verdict thereon, and particularly directed the attention of the jury to particular facts and portions of the evidence, thereby giving them undue prominence. Moore v. Wright, 90 Ill. 470; Fargo & Co. v. Dixon, 63 Ill. App. 22.

Appellant insists the court erred in not modifying his erroneous instructions requested. While the court might modify them yet it is not the duty of the court to modify them. Nelson v. Fehd, 203 Ill. 120. The judgment is affirmed.

*Affirmed.*

Mr. Justice Philbrick took no part in this decision.