Orley Hughes, Administrator of the Estate of Dickie Hughes, Deceased, Appellant, v. Albert Medendorp, Appellee.

Gen. No. 9,085.

Opinion filed January 17, 1938. Rehearing denied April 5, 1938.

Steely, Steely, Graham & Dysert and H. J. Hasch, both of Danville, for appellant; Walter V. Dysert, of counsel.

Mann & Stifler, of Danville, for appellee.

Mr. Justice Davis delivered the opinion of the court.

Orley Hughes, administrator of the estate of Dickie Hughes, deceased, by his appeal seeks to reverse a judgment of the circuit court of Vermilion county, Ill-

inois, entered in bar of his action to recover damages against Albert Medendorp, appellee, for his alleged negligence which caused the death of Dickie Hughes, the son of appellant.

As cause for reversal of said judgment, in addition to the claim that the verdict of the jury was contrary to the manifest weight of the evidence, appellant also contends that the trial court erred in admitting evidence over his objection and also erred in refusing to admit proper evidence offered on his behalf, and in the giving of improper instructions on behalf of the defendant, and in refusing to give proper instructions tendered on behalf of plaintiff.

Appellant complains of the action of the court in permitting Eunice Medendorp, wife of the defendant, and Ruth Medendorp, a daughter of defendant, to testify for the reason they were directly interested in the event of the suit and the adverse party was suing as the administrator of a deceased person. Appellant fails to point out any interest that the witness, Ruth Medendorp, had in the outcome of the litigation, and we fail to see none and are of the opinion that she was a competent witness.

In support of the contention that Eunice Medendorp is an incompetent witness appellant insists that a proper construction of section 5 of the act of the legislature in relation to Evidence and Depositions, ch. 51, sec. 5, Ill. Rev. Stat. 1937; Jones Ill. Stats. Ann. 107.071, renders a wife incompetent to testify in any action in which her husband is directly interested in the event thereof, when an adverse party sues as administrator of any deceased person. In this contention appellant is upheld by the case of *In re Estate of Teehan,* 287 Ill. App. 58.

Since the amendment of sec. 41, ch. 37, Smith-Hurd Ann. St. 1935 [Ill. State Bar Stats. 1935, ch. 37, ¶ 49; Jones Ill. Stats. Ann. 36.039], an opinion of the Appellate Court is binding authority, not only upon said

court, but upon all inferior courts in this State. The wife of the defendant was an incompetent witness in this case, and the admission of her testimony was reversible error.

There is no merit in the contention of appellant that the court erred in refusing counsel the right to comment upon statements made by counsel for defendant in his opening statement to the jury. Appellant insists that the court erred in refusing instructions one and two tendered in his behalf. These instructions were sec. 1 and part of sec. 2 of the Injuries Act [Ill. Rev. Stat. 1937, ch. 70; Jones Ill. Stats. Ann. 38.01, 38.02], and we are of opinion that the refusal of the court to give them did not have a tendency to jeopardize the rights of plaintiff, although it would not have been error to give them.

Instruction 5 was properly refused by the court for the reason that it assumes plaintiff's intestate was struck by the automobile driven by defendant when the claim of defendant is that he ran into the car of the deceased. It is so worded as to cause the jury to speculate as to what he might have done or what he omitted to do that a reasonably prudent person of his age, intelligence and experience would have done or omitted under like circumstances.

Appellant contends that the first instruction given on behalf of appellee was erroneous. It is as follows: ''The court instructs the jury that the burden of proof in this case is upon the plaintiff to show that plaintiff's intestate was not guilty of any negligence whatever that in any way proximately contributed to the injury to said plaintiff's intestate, and if he fails to make such proof by the preponderance or greater weight of the evidence, you should find the defendant not guilty, as to the first to sixth counts (inclusive), of plaintiff's complaint.'' This instruction informs the jury that the burden of proof is upon plaintiff to show that plaintiff's intestate was not guilty of any negligence

whatever that in any way proximately contributed to the injury. A plaintiff is not required to show anything. All he is required to do is to prove by a preponderance of the evidence that at and just before the time in question he was in the exercise of due care and caution for his own safety, but in this case the plaintiff was only required to prove by a preponderance of the evidence that at and just before the time in question plaintiff's intestate was exercising that degree of care that a boy of his age, intelligence, capacity and experience would exercise under the same or similar circumstances. The word "show" means to make apparent or clear by evidence, to reasonably satisfy. Black's Law Dictionary, Third Edition.

A plaintiff is not required to produce evidence to satisfy the jury or to prove his case by a clear preponderance of the evidence. *Hurzon v. Schmitz*, 262 Ill. App. 337; *Nelson v. Fehd*, 203 Ill. 120, 67 N. E. 828; *McGuire v. Guthmann Transfer Co.*, 234 Ill. 125, 84 N. E. 723.

At common law a child under the age of seven years was conclusively presumed not responsible for his acts, between the ages of seven and fourteen years he was still so presumed to be, but this presumption might be overcome by proof of the intelligence or capacity of the child. That rule is recognized in this State. *Wolczek v. Public Service Co.*, 342 Ill. 482, 174 N. E. 577. This instruction was erroneous because it held plaintiff's intestate to a higher degree of care than is required by the laws in this State.

It was not error to give instruction No. 2, complained of, where the jury were told if they find the plaintiff is not entitled to recover then they will have no occasion to consider the question of damages. Instruction 3, complained of is a proper instruction with one exception. It did not tell the jury that they may disregard the evidence of a witness when contradictory statements are made out of court, but informs them

that they may take such statements into consideration in determining what weight they may give to the testimony, which was proper. It was erroneous in telling the jury that, in determining what weight, "if any," you should give the testimony of such witness. The words, "if any," should not have been inserted in the instruction as they convey to the jury the idea that they can disregard his entire testimony on this account, which is not the law.

Instruction 4 informed the jury that under the law the defendant could not testify. And the fact that he did not take the stand is not to be considered as any evidence against him. This instruction singled out the defendant and gave undue prominence to the absence of testimony on his part. Instruction 5 informs the jury that if they believe that plaintiff's intestate's injuries were the result of a mere accident without any negligence on the part of the defendant they should return a verdict of not guilty. This instruction was held bad in the case of *Streeter v. Humrichouse*, 357 Ill. 234, where it pointed out that deceased was not injured by accident alone. Instruction 6 tells the jury that if they believe from the evidence that the injury to plaintiff's intestate was caused by his act in suddenly running from the east side of the pavement to the west side of the pavement and was not caused by the negligence of the defendant, then the defendant was not liable, and it will not be sufficient to entitle plaintiff to recover to prove merely that his intestate was injured by colliding with the automobile owned by defendant. This instruction is erroneous in that it fails to inform the jury that they must further believe from the evidence, in so doing he was not exercising that degree of care that a boy of his age, intelligence and experience would exercise under the same or similar circumstances surrounding plaintiff's intestate at the time in question. This instruction is also erroneous in that it selects a single item of evidence or one fact

claimed to have been disclosed by the evidence and states that a certain conclusion does not follow. *West Chicago St. Ry. Co. v. Petters,* 196 Ill. 298.

Instruction 7 told the jury that if plaintiff's intestate was guilty of any want of ordinary care which caused, or proximately contributed to his injury, then they should find the defendant not guilty. This instruction is erroneous in that it fails to take into consideration that plaintiff's intestate was a boy of 13 years of age and states the law as applicable to a person of mature years. While instruction No. 8 was not in the usual form, we are of opinion that it states the law correctly. Instruction 9 tells the jury that if the evidence is evenly balanced, or if they cannot say on which side the evidence preponderates, it is their sworn duty to find for the defendant. This form of instruction has been repeatedly condemned by the courts, and should not have been given. *Wolczek v. Public Service Co.,* 342 Ill. 482; *Molloy v. Chicago Rapid Transit Co.,* 335 Ill. 164. In instruction 11, defendant attempted to inform the jury as to what constitutes wilful and wanton conduct, with which he is charged by the fifth count of the complaint, but confines his definition to gross want of care and an entire absence of want of care for the life, person or the property of others, in the operation of his automobile. An intentional disregard of a known duty, necessary to the safety of the person or property of another, such as exhibits a conscious indifference to consequences, makes a case of constructive wilfulness. *Streeter v. Humrichouse, supra.* This instruction is erroneous and should not have been given.

For the reasons indicated in this opinion the judgment of the circuit court of Vermilion county is reversed and the cause remanded for a new trial.

*Reversed and remanded.*