**Dr. John R. Sharp, Plaintiff-Appellant, v. John Brown, Defendant-Appellee.**

**Gen. No. 9,871.**

Opinion filed January 29, 1953. Released for publication February 26, 1953.

SNELL & SEYFRIT, and HEMPHILL & KELSEY, all of Carlinville, for appellant.

GILLESPIE, BURKE & GILLESPIE, of Springfield, and RINAKER, SMITH & HEBRON, of Carlinville, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

This appeal is to review the second jury trial of an action for personal injuries resulting from an automobile collision which occurred on October 18, 1948.

On the appeal of the first trial, *Sharp v. Brown,* 343 Ill. App. 23, a jury verdict for $17,000 was reversed by this court for the reason that plaintiff failed to offer evidence on his own due care. This point is not involved in this appeal for in the second trial evidence of habits of due care was introduced by both parties. The second trial, with which this appeal is concerned, resulted in a not guilty jury verdict. The plaintiff-appellant contends that a new trial should have been granted for the reason that the verdict was contrary to the manifest weight of the evidence and that the jury was improperly instructed.

The plaintiff-appellant, Dr. John R. Sharp, was driving his 1949 Ford automobile in a northerly direction on a north and south country oiled road. It was a clear day, and he had with him a friend, Ralph C. Everhart, as a guest passenger. Fabian Seelbach, a farmhand employed by the defendant-appellee John Brown, had gone to town for his employer, and was driving easterly on a similar country road. These cars simultaneously approached a country intersection referred to as Stutsman's Corner, which was about one and one-half miles southeast of Girard, Illinois. There was a pasture on the corner between the two vehicles as they neared the intersection. There was little or no obstruction to their views. The two roads were typical country roads. There was about 35 to 40 feet distance from fence to fence and about 20 feet distance from shoulder to shoulder. The principal travel on each road was in the center.

There was not an eyewitness to the accident. Neither Dr. Sharp nor Everhart nor Seelbach remembered any of the occurrence facts for the reason that they all suffered head injuries. Photographs were introduced into evidence of the intersection and of the vehicles, and they displayed the damage to the automobiles after they came to a rest following the accident. They

271

did not distinguish, however, what damage was occasioned by the original impact and what was caused by the subsequent travel of the cars.

Appellant's memory prior to the accident, terminated when he was 300 to 350 feet south of the intersection, at which time he testified he was traveling about 30 to 35 miles per hour. Plaintiff-appellant was badly injured and was unconscious until early November following the accident.

 This presents an unusual situation of two vehicles colliding at a country intersection under circumstances where, in addition to having all three of the occupants injured in such a manner that they have lost their memory of the occurrence, there is no eyewitness to the incident, and the court and jury received little, if any, assistance from the physical facts other than to know that the plaintiff was entering the intersection to the right of the defendant. It is difficult to conceive of a closer case on the merits. That is borne out by the fact that two juries have, on these same facts, reached directly opposite conclusions. It has long been the law that a jury must be especially accurately instructed if the case be one where the facts are close and where a verdict could easily favor either party in the suit. *Olsen v. Chicago City Ry. Co.*, 153 Ill. App. 75; *Dowd v. Chicago City Ry. Co.*, 153 Ill. App. 85; *Witt v. Gallemore*, 163 Ill. App. 649; *Lanham v. Illinois Central R. Co.*, 181 Ill. App. 63.

It is the contention of the appellant that three of the instructions given at the request of the defendant were erroneous, and the giving of them prevented his having had a fair trial. The following instruction is complained about:

"A preponderance of the evidence in the case is not determined alone by the number of witnesses testifying to a particular fact or state of facts. In determining the preponderance or lack of preponderance of

the evidence, the jury should take into consideration the conduct and demeanor of the several witnesses while testifying, their interest or lack of interest in the result of the trial, if any has been shown by the evidence, the probability or improbability of the truth of their several statements in view of all the other evidence, facts and circumstances proved in the trial, and from all of these circumstances you should determine whether or not there is a preponderance of the evidence in this case in behalf of the plaintiff, and if the plaintiff has failed to prove his case, as charged in the complaint herein, *as satisfies and produces conviction in the minds of the jury,* then he has failed to prove his case by a preponderance of the evidence, and you should find the defendant, John Brown, not guilty.'' (Italics supplied.)

In this instruction the use of the phrase ''as satisfies and produces conviction in the minds of the jury'' requires a degree of proof greater than by a preponderance of the evidence, as the law requires in this State.

In *Hughes v. Medendorp*, 294 Ill. App. 424, on commenting upon the duty of the plaintiff ''to show'' that the plaintiff's intestate was not guilty of any negligence whatever that in any way contributed to the injury, the court said at page 429 that the plaintiff is not required to show anything. All he is required to do is to prove by a preponderance of the evidence, and the use of the word ''show'' means, according to its definition, to make apparent or clear by evidence or to reasonably satisfy. In this opinion the court went on to say:

''A plaintiff is not required to produce evidence to satisfy the jury or to prove his case by a clear preponderance of the evidence. *Hurzon v. Schmitz*, 262 Ill. App. 337; *Nelson v. Fehd*, 203 Ill. 120, 67 N. E.

828; *McGuire v. Guthmann Transfer Co.,* 234 Ill. 125, 84 N. E. 723."

The appellee concedes that this instruction should not have been given, but believes the error not harmful. The defendant-appellee cites cases where the instruction was criticized but did not necessitate a reversal, such as *Teter v. Spooner,* 305 Ill. 198; *Evans v. Williams,* 232 Ill. App. 439. The *Spooner* case, *supra,* was a will contest and raised proof of undue influence, while in the *Evans* case, *supra,* the instruction told the jury that it must be "satisfied" about a matter which was really not in dispute in the case. It could be understood where in those cases the giving of such an instruction in the light of the facts would not require reversal.

It has been consistently held that this form of instruction should not be given since at least as early as *Wollf v. Van Housen,* 55 Ill. App. 295 (1894), and it seems that after 58 years of condemning this instruction the giving of it should cease.

▮ It is difficult to find a case closer on its facts than this one. On one trial the verdict was one way, on the next it was the opposite. In such a case the jury must be accurately instructed. The jury was not accurately instructed when such a long line of error was followed.

The next instruction complained of is:

"The Court instructs the jury that the law will not and does not permit one to bring upon himself an injury and then recover damages from some other person because of such injury. And if you believe from the evidence in this case that the plaintiff John R. Sharp knew, or by the exercise of that degree of care reasonably to be expected of a person of like age, discretion, judgment, intelligence and experience under like or similar circumstances, should have known, dis-

tances from the intersection and relative speeds of the two automobiles relatively considered, that Fabian Seelbach was not going to yield the right of way, and failed to conduct himself as a reasonable prudent person should have under like or similar circumstances thereby directly contributing to the injuries which he, the plaintiff, sustained, then the plaintiff is not entitled to recover in this case.''

■ There is no evidence in this record which states or from which a reasonable inference could be drawn that either party saw the other prior to the accident. There is weak proof as to the speed of plaintiff's car, and no testimony as to the speed of the defendant. Under these unique circumstances this instruction is misleading, as it calls upon the jury to speculate as to distance and speed when they have heard no evidence on those facts of the accident.

■ Both of these instructions direct a verdict for the defendant in this case, which we have said is close on the merits. The errors are substantial and could not have been cured by any other instruction. To require accurate instructions in a case of this kind is no more technical than requiring the proof of due care on the part of the plaintiff, which caused the reversal of the first trial.

The giving of these two instructions has in this case prevented the plaintiff having a fair trial, and a new trial should be granted.

The cause is reversed and remanded to the circuit court of Macoupin county for a new trial.

*Reversed and remanded for new trial.*